STATE OF TENNESSEE, ex rel. WILL TERRY ABERNATHY,
Attorney General, Etc., Appellee,

*v.*

S. N. ANTHONY, Individually and as Chairman of the
Board of Education of Lauderdale County, Tennes-
see, et al., Appellant.

(*Jackson*, April Term, 1960.)

Opinion filed May 4, 1960.

598

B. C. Durham, Jr., Herman L. Reviere, Ripley, Ross W. Dyer, Halls, for appellant.

Will Terry Abernathy, Attorney General, Lloyd S. Adams, Jr., Adams & Adams, Humboldt, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

The Chancellor, in exercising a discretion vested in him by statute, allowed Anthony an appeal from the decree overruling his demurrer.

There is a motion to strike the single assignment of error on the ground that it is so general, skimpy, indefi-

nite and uninformative as to violate Rule 14(1) of this Court. The Court has elected to dispose of the appeal on its merits.

The bill is filed by a District Attorney General upon information given that official by a Mrs. Henry of Lauderdale County. It alleges that the defendant, S. N. Anthony, is a member and chairman of the Board of Education of Lauderdale County, and that he, as such official has violated 12-401 and 12-402, T.C.A. Those sections make it unlawful for an official, committeeman, etc., whose duty it is to vote for, etc. any contract in which the County is concerned financially, to be directly or indirectly interested in any such contract; that, in the event of the violation of this statute such officer shall "forfeit all pay and compensation therefor", be dismissed from his office and adjudged ineligible for the same or similar position for ten (10) years.

The bill prays for recovery of the compensation received by Anthony; that he be dismissed from office, and be adjudged ineligible for the same or similar position for a period of ten (10) years.

When the suit is brought for violation of 12-401 et seq., T.C.A. Code Sections, and brought in the name of the State by the District Attorney General, and when seeking the penalties, punishment and relief provided for by those code sections, in case they are violated, such a suit is a quo warranto proceedings. *State ex rel. Wallen, et al. v. Miller,* 202 Tenn. 498, 304 S.W.2d 654.

The petition, in considerable detail, alleges that Anthony as the agent of one or more insurance companies has written fire and indemnity insurance policies insuring the Lauderdale public school entity in sums that

will amount over a course of years in which he has indulged in this practice to a considerable number of thousands of dollars in premiums and that he, Anthony, as such agent, received, and continues to receive, as his commission a substantial percent of such premiums. The gist of the demurrer is that inasmuch as the rates to be charged for such insurance is fixed by the statute or at least by it governed; therefore, this conduct upon the part of Anthony is not a violation of Section 12-401 et seq., T.C.A.

One fact overlooked by this contention is that the Board of Education is vested with discretion as to whether (1) it will procure any insurance, or carry its own, and (2) if it does procure insurance it has a discretion as to the amount, within the value of the thing insured, which it will procure. And, of course, the amount of the premium to be paid the Insurance Company depends upon what the Board of Education decides to do about that.

The foregoing matters as to which the Board of Education has a discretion, and the decision which it makes, in the exercise of that discretion, materially affects the amount of the commission which Anthony, as agent of the Insurance Companies, will receive out of the premiums paid by the Board of Education to his principal.

The Court thinks that this statement of the situation is alone sufficient, without considering any other factor, to sustain the action of the Chancellor in overruling the demurrer and requiring Anthony to answer.

Affirmed and remanded with costs adjudged against Anthony and the surety on his appeal bond.